**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Scott, ) | No. CV09-1313-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| GMAC Mortgage LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On June 18, 2009, Plaintiff filed a Complaint for Declaratory and Injunctive Relief and for compensatory and punitive damages arising out a trustee's sale noticed for June 24, 2009, involving Plaintiff's personal residence located in Scottsdale, Arizona. Plaintiff also filed a Motion to Temporary Restraining Order and Motion for Injunctive Relief and Damages. The Motion for Temporary Restraining Order asks that the Court restrain the sale of Plaintiff's home and to do so without written or oral notice to the adverse parties or their attorneys.

The complaint in this action asserts in the first paragraph under the heading Jurisdiction that because the property that is the subject of the complaint is located in Scottsdale, Arizona and because the property is under a notice of trustee's sale to take place in Phoenix, Arizona, both locations in Maricopa County, and because the Defendants do business in the State of Arizona that this Court has jurisdiction. The complaint also alleges

that Plaintiff is a resident of Maricopa County, Arizona and the owner of the real property that is the subject of the trustee's sale. Plaintiff alleges that at least one of the Defendants, CFS Mortgage Corporation, is an Arizona corporation "in the business of mortgage banking and broking (sic) in Arizona." The allegations of the complaint show that there is no diversity jurisdiction under 28 U.S.C. § 1332.

A review of the factual allegations in the complaint also fail to disclose a basis for federal question jurisdiction under 28 U.S.C. § 1331. The only reference the Court can find in the complaint to federal statutes is in paragraph 23, where Plaintiff states "Defendants HF [GMAC Mortgage, LLC dba Homecomings Financial] and MERS [Mortgage Electronic Registration Systems] have failed to give proper Notice of Default, Right to Cure, and acceleration of the Promissory Note . . . as required by 12U.S.C. 2601et seq. and 15U.S.C. 1601 et seq."

Title 12 U.S.C. §2601 et seq. is commonly known as the Real Estate Settlement Procedures Act. According to the Congressional findings and purpose set out in 12 U.S.C. §2601(b), the purpose of the Act is to effect changes in the settlement process for residential real estate to give home buyers and sellers effective advance disclosure of settlement costs, eliminate kick-backs and referral fees, reduce the amounts required to be placed in escrow accounts for payment of real estate taxes and insurance and reform and modernize local record keeping of land title information. The title consists of 17 separate sections and it is not apparent to this Court that any of Plaintiff's complaints arguably arise out of the Real Estate Settlement Procedures Act since the complaint concerns a trustee's sale noticed on a loan secured by a deed of trust which closed in October 2005.

Title 15 U.S.C. § 1601 et seq. is a chapter entitled "Consumer Credit Protection." The chapter includes numerous sub-chapters and more than 200 sections. Subchapter I is commonly referred to as the Truth in Lending Act. The Congressional findings and declaration of purpose set out in section 1601 of the chapter states that the Act is concerned with the informed use of credit for consumers and the provision of meaningful disclosure of credit terms so that consumers will be able to compare more readily the various credit terms

1  available to them and to protect consumers against inaccurate and unfair credit billing and
2  credit card practices. Plaintiff's complaint fails to allege any violation of either of these two
3  federal Acts.  Moreover, the Court's brief review of these Acts do not disclose that either
4  specifies procedures for giving "proper Notice of Default, Right to Cure, and acceleration
5  of the Promissory Note" for residential loans secured by deeds of trust. Rather, those
6  procedures are typically prescribed under state law.  *See*, A.R.S. § 33-801 et seq.

7  Plaintiff has requested extraordinary relief without notice to defendants in connection
8  with a trustee's sale which was apparently originally noticed for November 3, 2008. This
9  Court will not grant such an extraordinary remedy in the absence of some clear allegation in
10 the complaint which persuades this Court that it likely has subject matter jurisdiction. As
11 presently pled it appears to this Court that the matters about which Plaintiff complains are
12 state law issues concerning the parties' rights and obligations under a promissory note
13 secured by a deed of trust.

14 IT IS ORDERED denying Plaintiff's Motion for Temporary Restraining Order
15 without notice.  (Doc. 4).

DATED this 19th day of June, 2009.

_____
Susan R. Bolton
United States District Judge