**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JACK SCOTT, | No. CV-09-1313-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| GMAC MORTGAGE, LLC, et al., | |
| Defendants. | |

On June 18, 2009, Plaintiff Jack Scott filed his Complaint (Dkt. # 1), Motion for Temporary Restraining Order ("TRO") (Dkt. # 4), and Motion for Injunctive Relief and Damages (Dkt. # 5). On June 19, 2009, Plaintiff's request for a TRO was denied. (Dkt. # 7.) The Court found that the Complaint failed to allege any basis for subject matter jurisdiction and stated that injunctive relief would not be granted "in the absence of some clear allegation in the complaint which persuades this Court that it has subject matter jurisdiction." (*Id.* at 3.)

Plaintiff's Motion for Injunctive Relief and Damages (Dkt. # 5) remains. To the extent that this motion can be construed as a properly filed motion,[1] it is denied. Plaintiff cites no legal authority, nor is the Court aware of any, that would permit this Court to grant the relief sought in Plaintiff's motion. Additionally, because this case is still at the pleading

---

[1] It is unclear whether this filing was intended to be filed as a motion given the fact that it was originally titled "Complaint For Injunctive Relief and Damages" (Dkt. # 5 at 1), and given that statements in the document refer to it as a complaint or pleading (*see id.* ¶¶ 1, 7).

stage, there is no factual basis upon which the Court could grant the motion. Therefore, Plaintiff's motion is denied.[2] To the extent the motion is construed as a request for preliminary injunctive relief or a TRO, it is likewise denied for the reasons set forth in the Court's Order of June 22, 2009 (Dkt. # 7).

Additionally, federal courts are courts of limited jurisdiction, and federal subject mater jurisdiction must exist at the time an action is commenced. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Because of its import, lack of subject matter jurisdiction may be raised at any time by any party or by the court. *See* Fed. R. Civ. P. 12(h); *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Upon review of the Compliant, it appears that Plaintiff has failed to sufficiently allege any basis for subject matter jurisdiction.

In his Complaint, Plaintiff erroneously concludes that jurisdiction exists because "the property which is the subject of [the] complaint is located [in] . . . Arizona . . . and is under notice of trustee sale to take place [in] . . . Arizona . . . and . . . the Defendants do business in the State of Arizona." (Dkt. # 1 at 1.) Plaintiff also alleges that he is an Arizona resident and at least one of the named defendants, CFS Mortgage Corporation, is "an Arizona Corporation . . . in the business of mortgage banking and broking [sic] in Arizona." (*Id.* ¶¶ 1, 4.) Based upon these allegations, diversity jurisdiction does not exist pursuant to 28 U.S.C. § 1332.

---

[2]This Court is permitted to recommend that Plaintiff retain an attorney. *See, e.g.*, *Cunningham v. Ridge*, 258 F. App'x 221, 223 (10th Cir. 2007) ("The magistrate judge wisely recommended Cunningham retain a lawyer to assist with the procedural requirements . . . ."); *Kim v. U.S. Dep't of Labor*, No. 1:06-CV-683, 2007 WL 844871, at *2 (W.D. Mich. Mar. 16, 2007) ("The court strongly recommends that plaintiff retain a competent attorney to represent him in this matter."). Because it appears from the pleading and motions on file that Plaintiff may not fully appreciate the nature of his claims, the requirements of the procedural rules, and how the two interact, the Court recommends that Plaintiff retain an attorney to represent him in this matter.

Pursuant to 28 U.S.C. § 1331, subject matter jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." Unless a complaint presents a plausible assertion of a substantial federal right, however, a federal court does not have jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous."); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . or no longer open to discussion.").

While the majority of the Complaint raises issues of state law, under his first cause of action for declaratory relief, Plaintiff briefly refers to two federal statutes. In paragraph twenty-three, Plaintiff summarily concludes that "Defendants . . . have . . . failed to give proper Notice of Default, Right to Cure, and acceleration of the Promissory Note . . . as required by 12 U.S.C. 2601 et seq. and 15 U.S.C. 1601 et seq." (Dkt. # 1 ¶ 23.) Initially, it is unclear whether Plaintiff intends to assert federal claims against Defendants based on the single statement referring to the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") in the first section of the Complaint. In the event that Plaintiff does intend to assert claims pursuant to TILA and RESPA, he has failed to plead those claims sufficiently under Federal Rule of Civil Procedure 8,[3] and federal question jurisdiction appears to be lacking for the reasons set forth in the Court's Order of June 22, 2009 (Dkt. # 7).

---

[3]Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to set forth a "short and plain statement" of the claim showing that the plaintiff is entitled to relief and *giving the defendant fair notice of what the claim is and the ground upon which it rests. See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level.").

After review of the Complaint, the Court finds that the TILA and RESPA allegations fall short of satisfying the requirements of Rule 8. The Complaint does not put Defendants fairly on notice of the claims against them. While Plaintiff alleges statutory violations under TILA and RESPA, he fails to set forth: (1) the specific sections of those statutes that were violated; (2) which defendants violated those rights; and (3) factual allegations sufficient to support those violations at the pleading stage. As the Court previously noted, "Plaintiff's compliant fails to allege any violation of either of these two federal Acts." (*Id.* at 3.)

**IT IS THEREFORE ORDERED** that the Motion for Injunctive Relief and Damages of Plaintiff Jack Scott (Dkt. # 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff is directed to file a memorandum before **5:00 P.M.** on **September 11, 2009**, setting forth the legal and factual basis for subject matter jurisdiction. Specifically, Plaintiff is directed to inform the Court which, if any, specific provisions of TILA and RESPA require parties conducting a non-judicial trustee sale to provide "proper Notice of Default, Right to Cure, and acceleration of the Promissory Note." Should Plaintiff fail to respond, the matter will be dismissed.

DATED this 17th day of August, 2009.

*G. Murray Snow*
G. Murray Snow
United States District Judge